In the Matter of the Estate of ANNA GRECK, Deceased.

Surrogate's Court, Sullivan County, November, 1933.

*Newberg & Sakofsky*, for the executors.

*George H. Rosen* [*Rose Silverstein* of counsel], for the objecting creditor.

*Stanton & Goldstein*, for Sporn and Fensterheim.

*Harry C. Resnick*, in *pro per*.

COOKE, S.  This is an application to have the rights of Harry Sporn subrogated to the interests of the South Fallsburg National Bank in and to a certain note of $4,950, said note being given by Samuel Greck and indorsed by Julius Greck and Charles H. Levy, and to the interests of Charles H. Levy in and to a certain mortgage dated on or about September 22, 1927, executed by Samuel Greck and Anna Greck, his wife, to said Charles H. Levy given to indemnify said Levy against any loss which he might sustain on account of his indorsement on said note and covering real estate owned by Anna Greck at the time of her death.

It seems that Samuel Greck conveyed this property to Anna Greck, his wife; that she died on or about May 20, 1931; that letters testamentary were issued to the executors of her will on September 30, 1931.  Two days before her will was probated the devisees thereunder executed a bond and mortgage upon this property to Joseph S. Fensterheim for $6,000; $4,950 of this sum was paid to the bank to satisfy this note for this amount and Mr. Levy satisfied this mortgage.  Later Joseph Fensterheim assigned this mortgage to Regina Fensterheim.  In or about the month of March, 1933, she began foreclosure, bid in the property at the sale, and assigned her bid to one Harry Sporn.  Regina Fensterheim was made a party to this proceeding.  It seems that Anna Greck at the time of her death had several creditors, that an application was made in due time for an order to sell her real estate to pay debts, and it is claimed that this property should be sold for this purpose subject only to the first mortgage held by the Port Jervis Real Estate and Loan Association and free from any claim of the Fensterheim mortgage because, within the statutory period of eighteen months, the heirs or devisees could not do anything to defeat the rights of the creditors in the real estate of decedent.  The South Fallsburg National Bank and Charles H. Levy were not made parties to this proceeding.

The first question which arises is, Would the bank or Mr. Levy

be bound by any order or decree made by this court in a proceeding to which they had not been made parties and of which they did not have proper and legal notice. It seems fundamental and elementary that they would not. This mortgage held by Mr. Levy as security for this indorsement was satisfied and canceled over two years ago, and he might reasonably object at this time to the substitution of another to the position of the bank in the latter part of September, 1931, as to this note upon which he was then liable. He could have had the note collected at that time or since then, if he believed he should in order to protect himself, and could have enforced his rights against the other parties on this note and the security he held. Other questions may arise. At any rate he is not a party to this proceeding. At least he has the right to be heard if he so desires.

The application of Fensterheim and Sporn to be subrogated to the rights of the bank and Charles H. Levy in the note and in the mortgage is, therefore, denied, without prejudice, however, to them or either of them if they so desire to bring such action as they may see fit in a court having jurisdiction thereof in relation thereto.

Order may be agreed upon or settled on notice.